IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


BRANDON C. ROLLEN         )
                                   )
    v.                               )       NO. 3:08-0227
                                   )
LT. J. HORTON, et al.          )


TO:  Honorable Aleta A. Trauger, District Judge


### R E P O R T   A N D   R E C O M M E N D A T I O N

By Order entered March 5, 2008 (Docket Entry No. 6), the Court referred this action to the

Magistrate Judge to enter a scheduling order for the management of the case, to dispose or

recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to

conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure,

and the Local Rules of Court.

Presently pending before the Court is the defendants' motion to dismiss (Docket Entry

No. 33), to which the plaintiff has filed a response in opposition (Docket Entry No. 40).

For the reasons set out below, the Court recommends that the motion be granted and this

action be dismissed.


### I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently

confined at the Riverbend Maximum Security Institution ("RMSI").  He filed this action pro se and

in forma pauperis on February 7, 2008, under 42 U.S.C. § 1983 against ten RMSI employees: James

Horton, Ricky Bell, Mike Crutcher, Linda Pollock, Sandy Hall, Vincent Meaker, Connie Klein, James Berry, Jr., Sam Love, and James Bell. The plaintiff seeks compensatory damages and injunctive relief.

The plaintiff's first claim is that, on February 20, 2007, he was placed on maximum security status in administrative segregation. He alleges that this placement was unjustified based on his conduct at RMSI and violated TDOC policy because he did not meet the criteria for placement in administrative segregation and was not given a hearing. He contends that the placement in administrative segregation violated his Fourteenth Amendment right to due process of law.

The second claim is that his confinement in administrative segregation for 23 hours a day with no opportunities for socializing and communicating with his peers violates the Eighth Amendment. He contends that this isolation has caused him great mental stress and duress.

The plaintiff's third claim is that he has been forced to pay for a DNA test that he never received.

The final claim raised by the plaintiff is that prison officers subjected him to excessive and unnecessary force in violation of his Eighth Amendment rights. He alleges that, on December 2, 2007, Defendants Love, Klein, Berry, and several other unknown officers came to his cell and used excessive force against him while extracting him from his cell. He asserts that he was sprayed with pepper spray by Defendant Love, was physically slammed to the wall and then the floor by all of the officers, was choked by an unknown officer, and was shocked with a "taser" by an unknown officer. He contends that he was not a threat to himself or anyone else at the time and the officers had no justification for their actions.

By the order of referral, process was issued to all the defendants. In lieu of an answer, the defendants have filed the pending motion to dismiss.[1]

## II. MOTION TO DISMISS AND THE PLAINTIFF'S RESPONSE

The defendants set out several grounds for dismissal of the complaint. Defendants Horton, Ricky Bell, Crutcher, Pollock, Hall, Meaker, and James Bell assert that there are no factual allegations specifically made against them in the complaint and the plaintiff has thus failed to allege facts showing their personal involvement in the alleged unconstitutional activity as is required for a claim under Section 1983.

The defendants further assert that the plaintiff has not exhausted his administrative remedies for his DNA claim as required by 42 U.S.C. § 1997e(a), that he cannot recover damages for emotional distress because he has not alleged that he suffered a physical injury as required by 42 U.S.C. § 1997e(e), and that the plaintiff's own allegations as set out in his complaint, even if true, fail to support claims under either the Fourteenth Amendment or the Eighth Amendment against any of the defendants.

In response, the plaintiff argues that he did not present a threat to the physical safety of anyone or the security of the institution and that his acts of disobeying an order, irritating prison guards with disobedience and resisting what he strongly felt was an unjustifiable cell extraction do not justify defendants' use of physical force against him or the use of a chemical spray or taser. He contends that TDOC employees must follow their own rules and regulations and that the prison

---

[1] The Clerk denied the plaintiff's requests for entry of default against Defendants James Horton and James Berry, Jr. See Docket Entry Nos. 31 and 38.

3

officials' failure to follow TDOC rules and regulations regarding his placement in administrative segregation amounts to a violation of his right to due process.

## III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the plaintiff's allegations and resolve all doubts in the plaintiff's favor. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The factual allegations supplied must be enough to show a plausible right to relief. 127 S.Ct. at 1965-68. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under a viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988).

## IV. CONCLUSIONS

A. DNA Claim

The plaintiff's claim that he has paid for a DNA test but has never received the test should be dismissed because of the plaintiff's failure to show compliance with the exhaustion requirement of 42 U.S.C. § 1997e(a). The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, states that:

4

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A prisoner is required to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the defense of failure to exhaust is raised by the defendants, the plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. The plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003).

The plaintiff admits that he did not file a prison grievance on the issue of the DNA test and that he has not exhausted this claim. See Response (Docket Entry No. 40), at 2. He argues that the lack of exhaustion should be excused because he cannot obtain monetary relief through the prison grievance process.

This argument has no merit. "[P]risoners must exhaust [available] grievance procedures before filing suit in federal court even though the ... remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999).

B. Personal Involvement of the Defendants

Defendants James Horton, Ricky Bell, Mike Crutcher, Linda Pollock, Sandy Hall, Vincent Meaker, and James Bell should be dismissed from the action because the plaintiff fails to allege any wrongdoing on the part of these defendants.

For any claim brought under 42 U.S.C. § 1983 based upon allegations that a constitutional right was violated, the plaintiff must show some basis for personal liability against the defendant sued. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1983). See also Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). There must be specific, non-conclusory allegations of fact which support a claim alleged against a named defendant. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986).

The complaint filed by the plaintiff fails to mention these seven defendants other than naming them as defendants and contains no specific, factual allegations of wrongdoing against any of them. Accordingly, the plaintiff fails to provide any factual basis for a constitutional claim against any of these defendants.

C. Fourteenth Amendment Due Process Claim

The plaintiff fails to state a claim that his Fourteenth Amendment due process rights have been violated. The Due Process Clause of the Fourteenth Amendment is implicated only if the plaintiff shows that he has suffered an "atypical and significant hardship" in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995). A short term placement in administrative segregation such as the one alleged by the plaintiff does not give rise to a protected

6

liberty interest because such a placement does not constitute an atypical and significant hardship on an inmate in relation to the ordinary incident of prison life. See Sandin, 515 U.S. at 484; Mackey v. Dyke, 111 F.3d 460, 463 (6th Cir) cert. denied 522 U.S. 848, 118 S.Ct. 136, 139 L.Ed.2d 84 (1997).[2]  Accordingly, no particular process was due the plaintiff upon his placement in administrative segregation.  The plaintiff's subjective belief that he was treated unfairly simply fails to implicate constitutional concerns.

In his response in opposition to the motion to dismiss, the plaintiff asserts that defendants failed to follow TDOC policies and that he did not qualify for administrative segregation under these policies.  Even if this is true, however, the plaintiff does not state a constitutional claim under Section 1983 by alleging that TDOC rules and regulations, or even state laws, were not followed. See Black v. Parke, 4 F.3d 442, 447 (6th Cir. 1993).  Procedural requirements alone do not create a substantive liberty interest, and the mere violation of prison policies and procedures is not a constitutional violation.  Levin v. Childers, 101 F.3d 44, 46 (6th Cir. 1996); Harrill v. Blount County, TN., 55 F.3d 1123, 1125 (6th Cir. 1995) (state law cannot create a federal constitutional right).

_____

[2] The plaintiff does not state how long he was kept in administrative segregation nor does he complain that the length of his confinement in administrative segregation was excessive.  As such, his claim differs from the situation raised in Harden-Bey v. Rutter, 524 F.3d 789 (6th Cir. 2008) (inmate's allegation of indefinite confinement in administrative segregation for over three years was sufficient to raise question about whether such confinement was atypical and significant in relation to the ordinary incidents of prison life).

D. Eighth Amendment Claims

The plaintiff alleges that his Eight Amendment right to be free from cruel and unusual punishment was violated by: 1) his confinement to a cell for 23 hours a day while in administrative segregation and the lack of social interaction with other inmates during this confinement; and 2) the use of force against him by correctional officers when he was extracted from his cell on December 2, 2007.

The Eighth Amendment prohibits punishment that violates civilized standards of humanity and decency, or involves the unnecessary and wanton infliction of pain. See Estelle v. Gamble, 429 U.S. 97, 102-03, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). The injury inflicted must be serious, Hudson v. McMillian, 503 U.S. 1, 8-9, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992), and the defendant must have acted with deliberate indifference to the inmate's health or safety. Wilson v. Seiter, 501 U.S. 294, 302-03, 111 S.Ct. 2321, 115 L.Ed.2d 271(1991).

The plaintiff fails to state a constitutional claim based upon his allegation that placement in administrative segregation for 23 hours a day and the resulting lack of social interaction with other inmates during such segregation constitutes cruel and unusual punishment. Such harsh confinement is merely a part of the routine discomfort associated with being incarcerated and fails to rise to the level necessary to implicate the Eighth Amendment. Harden-Bey, 524 F.3d at 795-96.

With respect to his claim that he was subjected to an unnecessary and excessive use of force, the Court finds that this claim should also be dismissed. The Constitution prohibits the wanton and unnecessary infliction of pain upon a prison inmate, Whitley v. Albers, 475 U.S. 312, 319-20,

106 S.Ct. 1078, 89 L.Ed.2d 251 (1986), and the unjustified infliction of bodily harm upon a prisoner gives rise to a claim under 42 U.S.C. § 1983. Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir. 1992); Franklin v. Aycock, 795 F.2d 1253, 1258 (6th Cir. 1986). However, the mere fact that a prisoner was subjected to physical contact which may have been forceful does not itself show a constitutional violation. Parrish v. Johnson, 800 F.2d 600, 604-05 (6th Cir. 1986).

As noted by the United States Supreme Court in Whitley, several factors are relevant in determining whether a particular use of force was objectively reasonable or, instead, was wanton and malicious. 475 U.S. at 320-21. These factors include the extent of injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the prison official, and any efforts made to temper the severity of the forceful response. Id. The use of a chemical weapon such as pepper spray is not per se unreasonable under the Constitution. See Adams v. Metiva, 31 F.3d 375, 384 (6th Cir. 1994). The analysis for use of a chemical weapon is essentially the same as that for the use of more traditional forms of physical control, turning upon the totality of the circumstances, including the prisoner's conduct and the defendant's reasonable perception of the scenario. Id. at 386.

In the instant action, the plaintiff admits to the following facts: covering the window of his cell door so that correctional officers could not see into the cell; keeping the window covered for approximately 20 minutes despite repeated verbal orders from correctional officers to uncover the window; continuing to keep the window covered for another 5 minutes after Defendant Love opened the food tray flap to the cell door and threatened to use pepper spray if the plaintiff did not uncover the window; and resisting correctional officers once they entered the cell and were removing him from the cell. See Complaint, at 4. The plaintiff alleges that Defendant Love sprayed pepper spray

Case 3:08-cv-00227   Document 42   Filed 06/24/08   Page 9 of 12 PageID #: 154

into the cell through the food tray slot and then Defendants Love, Klein, and Berry came into the cell with other officers and physically forced him to the floor, handcuffed him, and forcibly removed him from his cell.[3] Id., at 4-5.

Based upon the allegations before the Court, the plaintiff has not stated an Eighth Amendment claim against the defendants upon which relief can be granted. The plaintiff's own allegations show that he was breaking prison rules by covering the window in his cell door and preventing officers from looking into his cell and that he ignored repeated verbal orders to uncover the window. The plaintiff further admits to continuing his disobedient activities for approximately 30 minutes. Accordingly, the plaintiff's conduct created a legitimate security reason for the defendants' presence in his cell and for their use of force against him, including both physical force and the use of pepper spray, in order to restore order. The plaintiff further admits to physically resisting the officers during their attempt to bring him under control and remove him from the cell. The plaintiff's own allegations show that the alleged uses of force by the defendants were clearly related to a good faith effort to enforce security within the prison and there are no allegations that the defendants acted in a manner that was malicious or excessive.

The plaintiff argues that he was not acting in a violent or threatening manner and the defendants therefore should have taken different steps to resolve the situation and were unjustified in using force against him. See Response in Opposition (Docket Entry No. 40).

---

[3] The plaintiff alleges that an unknown officer choked him and that an unknown officer shocked him with a taser. See Complaint, at 4. However, these individuals have not been identified by the plaintiff and are not defendants. Any allegations against these individuals are not claims in this action. See Combs v. Wilkinson, 315 F.3d 548, 557-58 (6th Cir. 2002).

The plaintiff is simply wrong. The daily operation of a prison facility requires constant and vigilant attention to issues of security, good order, and the discipline of an institution, and the discretion of how to deal with these and other related issues is best left to the expertise of prison officials. See Thornburgh v. Abbott, 490 U.S. 401, 404-08, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Bell v. Wolfish, 441 U.S. 520, 546-47, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). This is especially true in situations involving a prison disturbance or a security matter when prison officials must act quickly and decisively. See Combs v. Wilkinson, 315 F.3d 548, 557 (6th Cir. 2002).

There is nothing in the Constitution that requires correctional officers to use the least intrusive steps possible in dealing with a disobedient inmate in their efforts to restore discipline and order, nor does a prison inmate have to be a significant threat to either prison staff or other inmates before some measure of physical force can be used against him in order to accomplish a legitimate penological objective. See Lockett v. Suardini, 526 F.3d 866, 875 (6th Cir. 2008); Williams v. Browman, 981 F.2d 901, 905 (6th Cir. 1992). The fact that the plaintiff subjectively believed the he was not a security threat and that the defendants' actions were excessive is of no constitutional relevance. Even when everything the plaintiff alleges is taken as true, he fails to state a constitutional claim because the defendants' actions were justified and reasonable under the facts presented in the complaint.

# R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that the defendants' motion to dismiss (Docket Entry No. 33) the action be GRANTED. The plaintiff's DNA claim should be DISMISSED WITHOUT PREJUDICE for failure to exhaust. The plaintiff's Eighth and Fourteenth Amendment claims based upon his placement in segregation and the allegations of excessive force should be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge

12