UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON C. ROLLEN ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:08-0227 |
| ] | Judge Trauger |
| LT. JAMES HORTON, et al. ] | |
|     Defendants. ] | |

## MEMORANDUM and ORDER

The Magistrate Judge has issued a Report and Recommendation (Docket Entry No. 42) recommending that the defendants' Motion to Dismiss (Docket Entry No. 33) be granted and that this case be dismissed in its entirety. The plaintiff has filed timely objections (Docket Entry No. 43) to the Report and Recommendation.

When a party makes timely objections to a Magistrate Judge's Report and Recommendation, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." Rule 9(b)(3), L.R.M.P.; Rule 72(b)(3), Fed. R. Civ. P.

The Court has conducted a *de novo* review of the Report and Recommendation, the plaintiff's objections and the entire case file. Dismissal is appropriate only if it appears that the complaint does not contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory. Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1969 (2007).

1

The plaintiff, proceeding *pro se*, is an inmate at the Riverbend Maximum Security Institution in Nashville. He brought this action under 42 U.S.C. § 1983 against Ricky Bell, Warden of Riverbend, Mike Crutcher, a Deputy Warden at the prison, and eight members of the Riverbend staff, alleging (1) that the plaintiff was placed in segregation in violation of his right to due process; (2) that plaintiff's confinement in segregation constitutes cruel and unusual punishment; (3) that guards used excessive force on the plaintiff in his cell in December, 2007; and (4) that the plaintiff was forced to pay for a DNA test that was never performed.

*Pro se* pleadings are subject to liberal construction. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, liberal construction does not require the Court to create a claim which the plaintiff has not spelled out in his complaint. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989). The plaintiff must identify the right or privilege that was violated and the role that each defendant played in the alleged violation. Dunn v. Tennessee, 697 F.2d 121, 128 (6th Cir. 1982). To be legally sufficient, the complaint must contain specific, non-conclusory allegations of fact which support a claim alleged against a named defendant. *See* Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). At a minimum, the plaintiff is required to plead and prove that each named defendant, either directly or indirectly, authorized, approved or knowingly acquiesced in the allegedly unconstitutional conduct. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.1984).

The Magistrate Judge correctly notes that the complaint contains no specific allegations of misconduct against seven of the named defendants, i.e., Ricky Bell, James Horton, Mike Crutcher, Linda Pollack, Sandy Hall, Vincent Meaker and James Bell. In fact, beyond naming these individuals as defendants, they are never mentioned by name again in the complaint, plaintiff's Response to the Motion to Dismiss (Docket Entry No. 40) or the plaintiff's objections (Docket Entry No. 43) to the Report and Recommendation. As a consequence, the plaintiff has failed to state a

2

Case 3:08-cv-00227   Document 46   Filed 07/31/08   Page 2 of 3 PageID #: 166

claim against these particular defendants. The Report and Recommendation, therefore, properly recommends dismissal of all claims against these defendants.

The remaining defendants, i.e., Connie Klein, James Berry and Sam Love, have specifically been identified as members of the team that allegedly used excessive force on the plaintiff. They have not, however, been linked by the plaintiff to any of his other claims.

The Constitution prohibits the wanton and unnecessary infliction of pain upon a prisoner. Whitley v. Albers, 475 U.S. 312, 319-20 (1986). The plaintiff has alleged in the complaint that Klein, Berry and Love were members of a team that sprayed him with pepper spray, slammed him into a wall, forced him to the floor where he was choked and stunned with a taser gun for at least five minutes. Docket Entry No. 1 at pg. 4. These allegations, if proven true, could easily be interpreted by a reasonable person to be an excessive use of force. Thus, contrary to the Magistrate Judge's finding, the plaintiff has stated a *prima facie* claim for the excessive use of force against Klein, Berry and Love.

Accordingly, for the reasons stated above, the Report and Recommendation is hereby ACCEPTED in part and REJECTED in part. All claims against Ricky Bell, Mike Crutcher, James Horton, Linda Pollack, Sandy Hall, Vincent Meaker and James Bell are DISMISSED. The plaintiff's objections are OVERRULED as to all issues with the exception of his excessive use of force claim against defendants Connie Klein, James Berry and Sam Love, which shall go forward. This case is REFERRED back to the Magistrate Judge for further handling under the original referral order.

It is so ORDERED.

Enter this 31st day of July 2008.

Aleta A. Trauger
United States District Judge

3