IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRANDON C. ROLLEN )
)
v. ) NO. 3:08-0227
)
LT. JAMES HORTON, et al. )

TO: Honorable Aleta A. Trauger, District Judge

# REPORT AND RECOMMENDATION

By Order entered March 5, 2008 (Docket Entry No. 6), the Court referred this action to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the motion for summary judgment filed by defendant James Berry, Jr. (Docket Entry No. 62) and the joint motion for summary judgment filed by defendants James Berry, Jr., Connie Klein, and Sam Love (Docket Entry No. 73). The plaintiff has not filed a response in opposition to either motion.

For the reasons set out below, the Court recommends that the motions be granted and this action be dismissed.

# I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") formerly confined at the Riverbend Maximum Security Institution ("RMSI").[1] He filed this action pro se and in forma pauperis on February 7, 2008, under 42 U.S.C. § 1983 seeking compensatory damages and injunctive relief against ten RMSI employees: James Horton, Ricky Bell, Mike Crutcher, Linda Pollock, Sandy Hall, Vincent Meaker, Connie Klein, James Berry, Jr., Sam Love, and James Bell.

In his complaint, the plaintiff sets out several claims. He asserts that, in February 2007, he was placed on maximum security status in administrative segregation at RMSI in violation of his Fourteenth Amendment Due Process rights and in violation of RMSI and TDOC policy (claim #1). He also contends that confinement in administrative segregation for 23 hours a day itself violates the Eighth Amendment (claim #2). The plaintiff alleges that he was forced to pay for a DNA test that he never received (claim #3). The plaintiff's final claim is that prison officers subjected him to excessive and unnecessary force in violation of his Eighth Amendment rights on December 2, 2007 (claim #4). He alleges that Defendants Love, Klein, Berry, and several other unknown officers came to his cell and used excessive force against him while extracting him from his cell. He asserts that he was sprayed with pepper spray by Defendant Love, was physically slammed to the wall and

---

[1] The address of record for the plaintiff is the RMSI. However, the most recent order mailed to the plaintiff at the RMSI was returned on March 3, 2009 as undeliverable. See Docket Entry No. 80. The motion of defendant Berry also bears a certificate of service showing it was mailed to the plaintiff at the RMSI on January 9, 2009. See Docket Entry No. 62, at 2.

Although the plaintiff has not alerted the Court to a change of his location, as he was specifically instructed in the Scheduling Order (Docket Entry No. 56) to do if his address changed, it appears that the plaintiff is no longer incarcerated at the RMSI. The certificate of service on the defendants' joint summary judgment motion shows that the motion was sent to the plaintiff at the Brushy Mountain Correctional Complex on February 26, 2009. See Docket Entry No. 73, at 2.

2

then the floor by all of the officers, was choked by an unknown officer, and was shocked with a "taser" by an unknown officer.

By the Order of referral, process was issued to all the defendants. In lieu of an answer, the defendants filed a motion to dismiss (Docket Entry No. 33).

By Memorandum and Order entered July 31, 2008 (Docket Entry No. 46), the Court granted in part and denied in part the motion to dismiss. The Court dismissed all claims against Ricky Bell, James Horton, Mike Crutcher, Linda Pollack, Sandy Hall, Vincent Meaker, and James Bell, finding that the plaintiff's complaint failed to contain specific factual allegations against any of these seven defendants and thus the Plaintiff failed to state a claim against any of these defendants. See Docket Entry No. 46, at 2-3. The Court, however, found that the plaintiff's allegations that excessive force was used against him on December 2, 2007, were sufficient to state a claim against defendants Connie Klein, James Berry, and Sam Love. Id. at 3.

The plaintiff thereafter filed an amended complaint (Docket Entry No. 50) on August 18, 2008, setting out additional factual allegations in support of the due process claim (claim #1), the Eighth Amendment claim based upon segregated confinement (claim #2) and the excessive force claim (claim #4). The plaintiff also set forth a new claim of excessive force against five previously unnamed correctional officers based upon events which occurred on July 15, 2008, and which are unrelated to the claims set out in the initial complaint. See Docket Entry No. 50, at 9-12.

The defendants filed a joint answer (Docket Entry No. 53) to the amended complaint, and a scheduling order (Docket Entry No. 56) was entered setting out deadlines for pre-trial activity in the action.

3

In his motion for summary judgment, defendant Berry contends that he is entitled to summary judgment because the undisputed facts show that he was not working at the RMSI on December 2, 2007, and had no personal involvement in the alleged events of that day. In support of his motion, defendant Berry relies upon the affidavit of Lieutenant Tommy Vance, who asserts that the RMSI Post Assignment Schedule for December 2, 2007, shows that James Berry did not work on that day, and that December 2, 2007, was defendant Berry's regularly scheduled day off. See Docket Entry No. 65.

In their joint motion for summary judgment, the defendants argue that the plaintiff's claim must be dismissed because he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). They contend that the plaintiff was not charged with a disciplinary offense based on the events of December 2, 1997, and was thus permitted by TDOC policy to file a prison grievance about the alleged acts of the correctional officers but he did not file such a grievance. In support of their motion, the defendants rely upon the affidavits of Lieutenant James Horton (Docket Entry No. 76), who served as the disciplinary board chairperson at RMSI in December 2007, and Sergeant Gregory Leonard (Docket Entry No. 77), who is the grievance chairperson at RMSI.

## II. AMENDED COMPLAINT

In the July 31, 2008, Order, the Court dismissed seven defendants because the plaintiff's original complaint merely named these individuals as defendants and contained no factual allegations against them. See Docket Entry No. 46, at 2. The plaintiff's amended complaint cures

4

this deficiency with respect to six of the seven[2] dismissed defendants - Ricky Bell, James Horton, Mike Crutcher, Sandy Hall, Vincent Meaker, and James Bell - because the amended complaint includes specific allegations against each of these defendants with respect to the plaintiff's two claims related to his confinement in segregation.[3] See Docket Entry No. 50.

However, review of the plaintiff's allegations shows that he still fails to state a claim upon which relief can be granted against these defendants. His allegations that his constitutional rights were violated by his placement in administrative segregation and maximum security at the RMSI simply do not state constitutional claims. The Court's prior dismissal of the defendants remains appropriate, and the amended complaint provides no basis upon which to vacate their dismissal and order that process issue to them upon the plaintiff's claims.[4]

The Due Process Clause of the Fourteenth Amendment is implicated only if the plaintiff shows that he has suffered an "atypical and significant hardship" in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 486, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995). A short term placement in administrative segregation such as the one alleged by the plaintiff does not give rise to a protected liberty interest because such a placement does not constitute an atypical and significant hardship on an inmate in relation to the ordinary incident of prison life. See Sandin, 515 U.S. at 484; Mackey

---

[2] Defendant Linda Pollack, who was named in the original complaint but was dismissed, is not named as a defendant or mentioned in the plaintiff's amended complaint. Accordingly, the Court does not view the amended complaint as having any impact on her dismissal.

[3] The plaintiff's additional allegations against the six previously dismissed defendants relate only to his segregation claims and not to his excessive use of force claim.

[4] The plaintiff did not include the DNA claim (claim #2) in the amended complaint. Accordingly, the prior dismissal of this claim is unaffected by the amended complaint.

5

v. Dyke, 111 F.3d 460, 463 (6th Cir.) cert. denied 522 U.S. 848, 118 S.Ct. 136, 139 L.Ed.2d 84 (1997).[5] Accordingly, no particular process was due the plaintiff upon his placement in administrative segregation. The plaintiff's subjective belief that he was treated unfairly simply fails to implicate constitutional concerns.

The plaintiff asserts that defendants failed to follow TDOC policies and that he did not qualify for administrative segregation under these policies. Even if this is true, however, the plaintiff does not state a constitutional claim under Section 1983 by alleging that TDOC rules and regulations, or even state laws, were not followed. See Black v. Parke, 4 F.3d 442, 447 (6th Cir. 1993). Procedural requirements alone do not create a substantive liberty interest, and the mere violation of prison policies and procedures is not a constitutional violation. Levin v. Childers, 101 F.3d 44, 46 (6th Cir. 1996); Harrill v. Blount County, TN., 55 F.3d 1123, 1125 (6th Cir. 1995) (state law cannot create a federal constitutional right).

The plaintiff fails to state a constitutional claim based upon his allegation that placement in administrative segregation for 23 hours a day constitutes cruel and unusual punishment. Such harsh confinement is merely a part of the routine discomfort associated with being incarcerated and fails to rise to the level necessary to implicate the Eighth Amendment. See Harden-Bey v. Rutter, 524 F.3d 789, 795-96 (6th Cir. 2008).

---

[5] The plaintiff does not state how long he was kept in administrative segregation nor does he complain that the length of his confinement in administrative segregation was excessive. As such, his claim differs from the situation raised in Harden-Bey v. Rutter, 524 F.3d 789 (6th Cir. 2008) (inmate's allegation of indefinite confinement in administrative segregation for over three years was sufficient to raise question about whether such confinement was atypical and significant in relation to the ordinary incidents of prison life).

To the extent that the amended complaint seeks to allege a new excessive force claim based on events unrelated to those already in this action, the Court finds that such a claim should not be permitted to be added to this action. The claim has no factual connection to the claim remaining in this action and does not involve any of the named defendants. If the plaintiff wishes to pursue this new claim, he should do so in a separately filed action.[6]

### III. STANDARD OF REVIEW FOR SUMMARY JUDGMENT

Rule 56(c) of the Federal Rule of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

The Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party, however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265

---

[6] The Court notes that the Plaintiff asserts that the grievance he filed about this claim "is still being processed." See Docket Entry No. 50, at 13. Accordingly, this claim would not appear to be fully exhausted since exhaustion requires that the grievance be pursued "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

7

(1986); Chao v. Hall Holding Co., Inc., 338 F.3d 557, 566 (6th Cir. 2003); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed. 2d 569 (1968).

## IV. CONCLUSIONS

A. Defendant James Berry's Motion For Summary Judgment

For any claim brought under 42 U.S.C. § 1983 based upon allegations that a constitutional right was violated, the plaintiff must show some basis for personal liability against the defendant sued. See Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984); Dunn v. State of Tennessee, 697 F.2d 121, 128 (6th Cir. 1983). See also Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). There must be specific, non-conclusory allegations of fact which support a claim alleged against a named defendant. See Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986).

Defendant Berry has set forth evidence showing that he was not working at the RMSI on December 2, 2007, and had no involvement in the alleged events. As the Sixth Circuit has noted,

8

when a defendant files a motion for summary judgment, the plaintiff is challenged to "put up or shut up" on a critical issue, Street v. J.C. Bradford & Co., 886 F.2d 1472, 1478 (6th Cir. 1989), and is not entitled to a trial solely on the basis of his allegations. Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986). The plaintiff has not come forth with affirmative evidence which rebuts the defendant's evidence and which shows the personal involvement of defendant Berry in the alleged use of excessive force. Accordingly, summary judgment is warranted in favor of defendant Berry on this basis.

B. Joint Motion for Summary Judgment and Exhaustion

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997, states that:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A prisoner is required to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Booth v. Churner, 532 U.S. 731, 733, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory. Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). Once the defense of failure to exhaust is raised by the defendant, a prisoner plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003), abrogated on other grounds, Woodford v.

9

Ngo, 548 U.S. 81, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). Further, a prisoner may not abandon the process before completion or assert that it is futile for him to pursue administrative remedies. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999)(citing Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir.), cert. denied, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997)).

In the instant action, the defendants have set forth evidence that the plaintiff failed to file and pursue a grievance about the events which form the basis of his constitutional claim. This is sufficient to raise the defense of failure to exhaust, and the burden is on the plaintiff to show that he has satisfied the exhaustion requirement. He has not done so in the instant action. Summary judgment is therefore warranted in favor of the defendants based on the plaintiff's failure to show satisfaction of the exhaustion requirement of the PLRA.

## R E C O M M E N D A T I O N

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion for summary judgment filed by defendant James Berry, Jr (Docket Entry No. 62) be GRANTED and that James Berry, Jr., be DISMISSED WITH PREJUDICE;

2) the joint motion for summary judgment filed by defendants James Berry, Jr., Connie Klein and Sam Love (Docket Entry No. 73) be GRANTED and the plaintiff's claims against Connie Klein and Sam Love be DISMISSED WITHOUT PREJUDICE under 42 U.S.C. § 1997e(a);

3) the plaintiff's claims asserted against Ricky Bell, James Horton, Mike Crutcher, Sandy Hall, Vincent Meaker, and James Bell be DISMISSED WITH PREJUDICE for failure to state a claim; and

10

4) that the plaintiff's claims of excessive force based upon events occurring on July 15, 2008, as set out in the amended complaint be DISMISSED WITHOUT PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

        Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge